IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| R. GREGG POOLE, | ) | CASE NO.  304-11551 |
| | ) | |
| Debtor. | ) | CHAPTER 7 |
| | ) | |
| | ) | JUDGE MARIAN F. HARRISON |
| | ) | |
| MARGARET GARLAND, | ) | ADV. NO. 305-0586A |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| R. GREGG POOLE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

_____

MEMORANDUM OPINION

_____

This matter is before the Court on the debtor's motion for new trial pursuant to Fed. R. Civ. P. 59, which is made applicable to bankruptcy proceedings pursuant to Fed. R. Bankr. P. 9023.

A hearing was held, and the Court took the matter under advisement. For the following reasons, the Court finds that the motion should be denied.

## I. BACKGROUND

Initially, this matter was brought before the Court upon the plaintiff's motion to compel responses to discovery requests. The parties resolved the matter, and an agreed order was entered on June 15, 2006. The order provided that the debtor would forward responses to the plaintiff by close of business on July 6, 2006.

On July 7, 2006, the plaintiff filed a motion for sanctions based on the debtor's failure to provide answers within the time prescribed by the order. The plaintiff requested that the final hearing in this cause be limited to the calculation of damages and requested attorney fees for time spent on the motion. A hearing was set for August 1, 2006, and on July 10, 2006, electronic notice of the hearing was given by the Clerk of the Court. The debtor did not file an answer even though LBR 9014-1 required that a response be filed within 10 days.

The hearing was held on August 1, 2006. Neither the debtor nor his attorney appeared, and the Court granted the motion for sanctions. Specifically, the Court granted a final judgment against the debtor on the plaintiff's claims and ordered that a final hearing would be held for calculation of damages. The Court also granted attorney fees in the amount of $450.

2 - U.S. Bankruptcy Court, M.D. Tenn.

Prior to the entry of the order granting the motion for sanctions, the debtor filed a motion to set aside, asserting that he did not receive notice of the August 1, 2006, hearing. A hearing on the motion to set aside was held on August 10, 2006. The debtor, who was the only witness, testified that he did not receive notice of the hearing and that, if he had received notice, he would have attended the hearing and opposed the motion for sanctions. There was no proof in the record regarding his attorney's failure to file a response or to attend the August 1, 2006, hearing. In denying the motion, the Court noted the previous agreed order resolving the motion to compel, which required the debtor to answer discovery requests by July 6, 2006. The debtor did not provide responses by the agreed upon date nor did he ask for additional time, and the plaintiff was forced to file the motion for sanctions. At the hearing on the debtor's motion to set aside, the debtor admitted that he still had not filed a response to the motion for sanctions or provided any discovery to the plaintiff. Based on the proof presented, the Court found that the debtor's motion to set aside should be denied.

On August 16, 2006, the Court entered an order incorporating the above findings. Thereafter, on Monday, August 28, 2006, the debtor filed a timely motion pursuant to Fed. R. Bankr. P. 9023 and Fed. R. Civ. P. 59, requesting that the Court grant a new trial, open the judgment, take additional testimony, amend findings of fact and conclusions of law or make new findings or conclusions of law and direct the entry of a new judgment. The plaintiff opposed the motion.

At this hearing, held on September 19, 2006, the debtor testified that although he had not provided timely discovery responses, he now realized the gravity of complying with Court orders and discovery requests. He testified that it was difficult to go through the multitude of documents because he no longer had any staff and he had felt overwhelmed. However, since the hearing on the motion to set aside, the debtor testified that he spent approximately 40-50 hours going through documents and preparing his discovery responses.

### III. DISCUSSION

The debtor argues that relief should be granted based on his diligent efforts since the August 16, 2006, order and because the prejudice to him far outweighs any prejudice to the plaintiff. The debtor also submits that he would be prepared to go forward with trial on the original date of October 25, 2006, and would also be willing to agree to any continuances requested by the plaintiff based on the debtor's failure to timely respond to discovery requests.

The plaintiff concedes that the debtor provided discovery responses within ten days of the August 16, 2006, order, but she denies that this is a basis for granting a new trial. The Court agrees.

Fed R. Civ. P. 59(a), made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 9023, provides that "[a] new trial may be granted to all or any of the parties and on all or part of the issues . . . (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment."

The decision to grant a new trial pursuant to Rule 59(a) rests within the sound discretion of the bankruptcy court. *See Davis v. Jellico Cmty. Hosp. Inc.,* 912 F.2d 129, 132-33 (6th Cir. 1990). While Rule 59(a) does not specifically enumerate grounds for a new trial, generally, such motions are not granted unless "the verdict is against the weight of the evidence, the damages are excessive, there is newly discovered evidence, or the trial was otherwise unfair." *In re Quality Stores, Inc.*, 272 B.R. 643, 649-50 (Bankr. W.D. Mich. 2002) (citation omitted). *See also In re Bulson*, 327 B.R. 830, 836 (Bankr. W.D. Mich. 2005) (motion for new trial must clearly establish either manifest error of law or fact or present newly discovered evidence) (citation omitted). Such "motions cannot be used to raise arguments which could, and should, have been made before the judgment issued" or "to argue a case under a new legal theory." 327 B.R. at 836 (citations omitted).

When this Court granted the plaintiff's request for a final judgment and to limit the final hearing to the calculation of damages, the debtor had built up a history of noncompliance. The debtor had not answered or responded to the initial discovery requests, and only after the plaintiff's attorney sent a facsimile letter to the debtor's attorney and later filed a motion to compel, did the plaintiff receive any kind of response. At that time, an agreed order was entered, setting an agreed upon deadline for the debtor to file his responses to discovery requests. The debtor did not comply with the agreed order or request additional time, and the plaintiff filed a motion for sanctions. Notice of the hearing was sent by the Clerk of this Court, as was notice that the debtor was required to comply with LBR 9014-1. The debtor did not file an answer, did not appear at the hearing, and did not comply with the original discovery requests. Therefore, the Court granted the plaintiff's request that a final judgment be entered and that the calculation of damages be the only remaining issue for trial. ***See Bank One of Cleveland, N.A. v. Abbe,*** 916 F.2d 1067, 1073 (6th Cir. 1990) (default judgment is available sanction for failure to comply with discovery orders).

The debtor then filed a motion to set aside the granting of sanctions. The debtor testified that he did not get notice of the hearing on sanctions. However, there was no admissible proof as to why his attorney did not file a response to the motion for sanctions or appear at the hearing. Moreover, the debtor's testimony as to why he had not complied with the discovery requests or the orders of this Court provided no basis for granting relief. Instead, his testimony reflected the debtor's lack of respect for the judicial system and this

6 - U.S. Bankruptcy Court, M.D. Tenn.

Court, despite his having sought the protection of the bankruptcy laws. This was further emphasized by the fact that the debtor had still made no effort to comply with the original discovery requests. Indeed, the debtor did not even begin to work on the outstanding discovery until after the hearing on the motion to set aside. Based on these facts, the Court believes that it correctly granted the sanctions requested by the plaintiff and denied the request by the debtor to set aside those sanctions. *See Eglinton v. Loyer (In re G.A.D., Inc.),* 340 F.3d 331, 334 (6th Cir. 2003) (party seeking relief has burden of bringing herself within provisions of Fed. R. Civ. P. 60(b)).

Subsequently, the debtor filed the present motion, asking the Court to grant a new trial on the motion to set aside. Counsel's affidavit, regarding the steps taken by the debtor to comply with the discovery requests after the denial of the motion to set aside, was attached to the motion. At the hearing, the debtor was the only witness. He mainly testified about his subsequent efforts to comply with the discovery requests. There was no credible proof as to why the debtor did not previously comply. Instead, the debtor's testimony reinforced that he did not take seriously his responsibilities to comply with discovery requests or orders of this Court until after his motion to set aside was denied. It was only then, when faced with an adverse judgment, that the debtor began to take steps to comply with the plaintiff's discovery requests, which were originally forwarded to the debtor's attorney on February 28, 2006. This is simply an insufficient basis for granting a new trial.

## IV. CONCLUSION

For all of the foregoing reasons the Court finds that the debtor's motion for new trial should be denied. The final hearing on damages shall go forward on the scheduled trial date.

An appropriate order will enter.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page.**

8 - U.S. Bankruptcy Court, M.D. Tenn.

Case 3:05-ap-00586   Doc 62   Filed 10/06/06   Entered 10/06/06 12:58:52   Desc Main
Document      Page 8 of 8